(85 South. 833)

WEST v. STATE.    (8 Div. 649.)

(Court of Appeals of Alabama.    Feb. 10, 1920.)

1. CRIMINAL LAW ☞1170½(6)—CROSS-EXAMINATION AS TO OTHER OFFENSES HELD PREJUDICIAL ERROR.

In a prosecution for assault with intent to murder a police officer, it was reversible error to permit the solicitor on cross-examination to inquire of defendant, who was a witness in his own behalf, if he had not, on the day before the difficulty, gone to Chattanooga with a negro woman and brought back a large amount of whisky, and if he had not on a former occasion had 500 pints of liquor shipped to a certain point; such matters being foreign to the issues in the case, notwithstanding a statement of the court to the jury that defendant denied it, and that it had nothing to do with the case.

2. CRIMINAL LAW ☞789(4) — INSTRUCTIONS ON REASONABLE DOUBT HELD PROPERLY REFUSED AS UNINTELLIGIBLE.

Instructions as to reasonable doubt, refused to defendant in a prosecution for assault with intent to murder a police officer, held properly refused as being unintelligible.

3. HOMICIDE ☞292(3) — INSTRUCTION PROPERLY REFUSED AS MISLEADING IN PROSECUTION FOR ASSAULT TO MURDER.

A requested instruction, in a prosecution for assault with intent to murder, held properly refused as being misleading.

4. CRIMINAL LAW ☞713—STATEMENTS BY SOLICITOR THAT OFFICERS DID NOT ARREST INNOCENT MEN HELD PREJUDICIAL.

In a prosecution for assault with intent to murder a police officer, it was error to overrule objection to a statement by the solicitor in his argument to the jury, "You know they [referring to the officers] don't go out to arrest innocent men."

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Paul West was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

The following are the charges refused to the defendant:

A. Gentlemen, if out of any part of the evidence in this case there arises in your mind any part of the evidence which when taken together with all of the evidence creates in your mind a reasonable doubt as to defendant's guilt then you should acquit him.

B. Gentlemen, you cannot convict defendant of any offense, the higher or the lower offense, unless you believe beyond all reasonable doubt that defendant assaulted Brown Hyde, the man alleged to have been assaulted. If you believe from the evidence in this case that he did not assault him as charged, then you should acquit him of an assault to murder or an assault with a gun. If you do not believe beyond all reasonable doubt that defendant had a pistol on that occasion, then you could not find him guilty as charged.

C. Gentlemen, you must not only believe beyond all reasonable doubt that the proof is not only consistent with defendant's guilt, but that it is inconsistent with every other relative conclusion in the case before you can convict him. Then, gentlemen, unless you do believe beyond all reasonable doubt that defendant is guilty and that the evidence is inconsistent with defendant's innocence you should acquit him.

Rayburn & Wright, of Guntersville, for appellant.

Counsel discuss the assignments of error, but without citation of authority.

J. Q. Smith, Atty. Gen., and Richard V. Evans, Asst. Atty. Gen., for the State.

Counsel discuss the motion to strike the bill of exceptions and dismiss the appeal, but in view of the opinion it is not deemed necessary to here set it out. They also insist that the objections to evidence were general and present nothing for review.

BRICKEN, P. J. The former order of this court dismissing the appeal was set aside on June 30, 1919, and the case was restored to the docket of this court to be heard upon its merits.

The defendant was indicted, together with another (not on trial), for the offense of assault with intent to murder. It appears from the evidence that during a struggle between defendant and the injured party, Brown Hyde, a police officer, in a dark room, Hyde was shot through the hand by some one. There was no positive evidence that defendant fired the shot, or that he had a pistol in his possession. To the contrary, the evidence would seem to indicate that defendant had no pistol upon that occasion. However, it was not conclusive upon this point, and the evidence as a whole was such that the jury might infer that the defendant did have a pistol and was the person who fired the shot.

There were several exceptions reserved to the rulings of the court upon the admission of testimony. We refrain, however, from treating separately each of these exceptions, as it would serve no good purpose so to do. Suffice it to say that in several instances in this connection there is manifestly no merit in the contention that the court erred in its rulings. Moreover, many of the objections were general in their nature, and for that reason were properly overruled.

[1] The defendant testified as a witness in his own behalf, and on his cross-examination the solicitor was permitted, over the objection of the defendant, to inquire of defendant if he did not go to Chattanooga on the day before the difficulty in issue here in company with a negro woman, one Annie

Love, and bring back a large amount of whisky, and, further, if defendant had not on a former occasion had 500 pints of liquor shipped to the ferry in Guntersville. These matters were wholly foreign to the issues in the case being tried, and were calculated to be highly prejudicial to the defendant, and should not have been permitted. We are of the opinion that the statement made by the court, to wit: "Gentlemen of the jury, he denies all this, but it has nothing to do with it anyway"—in no sense counteracted the harmful effect these matters had upon the minds of the jury. The sale and only issue involved upon the trial of this case was whether or not the defendant was guilty of any offense comprehended in the indictment, and this effort upon the part of the state to inject other matters into the trial, matters so clearly hurtful to defendant, could operate only in defeating the constitutional right of defendant, which guarantees to him, as to all other persons charged with crimes, "a fair and impartial trial by jury."

[2] Charges A and C, refused to defendant, were unintelligible, and were properly refused.

[3] Charge B was misleading, and was properly refused.

[4] The court overruled the defendant's objection to the following statement, made by the solicitor in his argument to the jury, to wit:

"You know they [referring to the officers] don't go out to arrest innocent men."

We are of the opinion that under the facts of this case this statement of the solicitor was one of fact, and was unauthorized and improper. The officers in question here were making an arrest of the defendant, and the question as to whether he was innocent or not was for the jury to determine from the evidence in this case. The custom of the officers in not going out to arrest innocent men was not a proper subject of discussion by the solicitor, and was calculated to injuriously affect the substantial rights of the defendant; and the objection of the defendant should have been sustained. The court of its own motion could properly have excluded this statement by the solicitor, and should have done so.

Reversed and remanded.